UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

GEORGE ENRIQUE HERBERT,

Defendant.

03-cr-211 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant George Enrique Herbert was sentenced on June 6, 2005 to 400 months, *i.e.*, 33 years and four months, of imprisonment after a jury found him guilty of conspiracy to import and distribute cocaine and distribution of cocaine with the intent that it be imported into the United States. Herbert was responsible for transporting cocaine from Belize to Mexico via boat, knowing that it would then be imported into the United States. He has been incarcerated since he was brought from Belize to the Southern District of New York and arrested on April 26, 2003, *see United States v. Herbert*, No. 03-CR-211, 2014 WL 3579806, at *1 (S.D.N.Y. July 21, 2014), a full 21 years.

Herbert has made an administrative request for compassionate release to the warden of FCI Oakdale, and, following its denial (ECF No. 103-7), now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). (Motion to Reduce Sentence ("Mot."), ECF No. 96.) The government opposes Herbert's motion. (ECF No. 103.) Considering Herbert's lengthy record of rehabilitation, age, low risk of recidivism, non-violent status, the hardship created by the Covid-19 pandemic, his family circumstances, and limited release options as a non-citizen, the Court finds that "extraordinary and compelling reasons" support a sentence reduction and that the reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the policy statements of the U.S. Sentencing Commission. Accordingly, Herbert's motion for sentence reduction is granted.[1]

Herbert also moves to dismiss his indictment for lack of jurisdiction based on testimony relating to his transfer from Belize to the United States. (ECF No. 102.) Because the Court previously determined that Herbert was not transferred pursuant to an

---

[1] Herbert also seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment for a defendant who was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. (ECF No. 89.) Because the Court grants Herbert's motion under 18 U.S.C. § 3582(c)(1), it is not necessary to address this alternative argument.

extradition treaty, and because nothing in Herbert's current motion supports a different finding, the Court denies Herbert's motion to dismiss the indictment.

### A. SENTENCE REDUCTION

18 U.S.C. § 3582(c)(1)(A), the "compassionate release" statute, permits a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons" warrant such a reduction; (2) the reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a); and (3) the reduction is consistent with any applicable policy statements issued by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The statute also includes an administrative remedy exhaustion requirement, which Herbert has satisfied, as the government concedes. (ECF No. 103 at 5 n.5.)

The district court has broad discretion to determine whether a defendant has shown extraordinary and compelling reasons for a sentence reduction. *See United States v. Brooker*, 976 F.3d 228, 236-237 (2d Cir. 2020); *United States v. Mata*, No. 22-382, 2023 WL 7103273, at *1 (2d Cir. Oct. 27, 2023); *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Brooker*, 976 F.3d at 237. "The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation *alone* shall not be considered an extraordinary and compelling reason." *Id.* at 237-38 (emphasis in original and internal quotation omitted). "Where no single factor alone may justify release, the total circumstances may still rise to the level of extraordinary and compelling reasons for release." *United States v. Londono*, No. 05-CR-495, 2022 WL 17905065, at *2 (S.D.N.Y. Dec. 23, 2022) (quoting *United States v. Resto*, No. 08-CR-757, 2021 WL 1109467, at *3 (S.D.N.Y. Mar. 23, 2021)).

Here, the Court finds that a combination of conditions, taken together, constitute extraordinary and compelling reasons for a sentence reduction.

Herbert has presented a commendable record of rehabilitation, "deeply regrets his criminal conduct" (Mot. at 3), and "realizes the magnitude of his crimes[] and the punishment." (ECF No. 89 at 16.) He has completed a number of education courses, including a 450-hour drafting class. (ECF No. 103-3.) As described in his lawyer's submission, Herbert "frequently acts as an informal advisor for the younger prisoners in his section" and "has worked as an orderly for almost fourteen years." (Mot. at 3.) Over his 21 years in federal prison, Herbert has received only two relatively minor disciplinary infractions: one for assault without a serious injury and one for insolence. (ECF No. 103-2.) The most recent infraction was more than a decade ago. (*Id.*) *See United States v. Flores*, No.

97-CR-817, 2021 WL 3682054, at *3 (S.D.N.Y. Aug. 19, 2021) (finding defendant with three disciplinary infractions over 24 years had demonstrated extraordinary and compelling reasons).

Moreover, Herbert has endured difficult conditions of confinement that were not contemplated at the time that the Court imposed Herbert's sentence, including restrictive conditions relating to the Covid-19 pandemic. *See Londono*, 2022 WL 17905065, at *2; *United States v. Cromitie*, No. 09-CR-558-01, 2024 WL 216540, at *8 (S.D.N.Y. Jan. 19, 2024); *United States v. Tellier*, No. 92-CR-869, 2022 WL 1468381, at *4 (S.D.N.Y. May 10, 2022) ("the pandemic has made incarceration harsher and more punitive than would otherwise have been the case"). Herbert's family resides in Belize and as a result, has not been able to visit him. *See Londono*, 2022 WL 17905065, at *2; *United States v. Djemal Nehmad*, No. 16-CR-829, 2020 WL 6719380, at *3 (S.D.N.Y. Nov. 16, 2020) (granting compassionate release, in part, because defendant "has not seen any member of his family in four years"); *United States v. Cardenas*, No. 17-CR-339, 2021 WL 3722761, at *2 (S.D.N.Y. Aug. 23, 2021) (granting sentence reduction in 2021 where, due to pandemic-related restrictions, defendant "has not seen his wife and young daughter since 2019.") Herbert has never met his youngest child, who is now around 21 years old, and has not seen his family for the entire duration of his incarceration. (Mot. at 6.) Finally, noncitizens such as Herbert are ineligible for the early release options of a Residential Reentry Center or home confinement, *see* Bureau of Prisons Program Statement 7310.04 § 10; *Londono*, 2022 WL 17905065, at *2, and Herbert's incarceration will likely be extended by removal proceedings.

As set forth above, a sentence reduction must also be consistent with the section 3553(a) factors. Those factors include, among others, the nature and circumstances of the offense; the history and characteristics of the defendant, including age, being a non-violent offender, and remorse; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the affordance of adequate deterrence; and the protection of the public from further crimes of the defendant. 18 U.S.C. § 3553(a). Here, Herbert has been incarcerated for 21 years, which, accounting for good time credit, is over 75% of his sentence.[2] This significant term of incarceration amply reflects the seriousness of his offense, provides just punishment, promotes respect for the law, and affords adequate deterrence. *See Resto*, 2021 WL 1109467, at *3 ("[C]ourts have found that compassionate release for defendants who have served the significant majority, at least

---

[2] The Bureau of Prisons projects that Herbert will be released on October 28, 2030, which reflects 70 months of credit. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/ (last visited May 1, 2024).

two-thirds, of their sentences does not undermine sentencing goals.") This is Herbert's first and only conviction. His offense, while serious, was non-violent and he does not otherwise have a history of violence.

Critically, according to his Bureau of Prisons Inmate Profile, Herbert has a low risk of recidivism. (ECF No. 103-6 at 8.) This is consistent with statistics showing that the rate of recidivism drops dramatically as age increases and is significantly lower for those with lower criminal history categories. *See, e.g.,* U.S. Sentencing Commission, *Recidivism of Federal Offenders Released in 2010* at 30 (2021). As a fifty-year-old in the lowest criminal history category, Herbert's re-arrest rate is 15%, compared to a re-arrest rate of 67% for those younger than 21. *Id.*

A sentence reduction is also consistent with the policy statements issued by the U.S. Sentencing Commission. The relevant policy statement requires the Court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" in order to grant release. U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2021); *see also* 18 U.S.C. § 3142(g). Herbert's age, record in prison, non-violent conviction, and status as a first-time offender suggest that there is little concern about danger to the public upon his release from incarceration.

In summary, compassionate release is warranted based on Herbert's lengthy rehabilitation, minor disciplinary record, conditions of confinement during the Covid-19 pandemic, family circumstances, limited release options as a non-citizen, low risk of recidivism, age, non-violent status, and lack of danger to the public upon release. Accordingly, Herbert's motion for compassionate release is granted and his sentence is reduced to time served.

This Opinion & Order is stayed for up to 14 days for the Bureau of Prisons to establish a release plan and to make appropriate travel arrangements. It is the intention of this Court that defendant be removed to Belize by the Department of Homeland Security at the conclusion of the 14-day period or as soon as practicable.

### B. MOTION TO DISMISS

Herbert additionally moves to dismiss his indictment for lack of jurisdiction. (ECF No. 102.) Specifically, Herbert contends that this Court's 2004 opinion in this case, *United States v. Herbert*, 313 F. Supp. 2d 324 (S.D.N.Y. 2004), "was premised on the fact that [Herbert] was not arrested pursuant to a request by the United States" when, in fact, testimony at trial revealed that his arrest was "based on Diplomatic notes made on behalf of the DEA." (ECF No. 102 at 1, 15.) Herbert's three-paragraph motion does not specify why

this testimony invalidates the Court's jurisdiction. Even so, the quoted testimony is consistent with the Court's finding in its earlier decision: that Herbert was not transferred to U.S. custody pursuant to the extradition request. *Herbert*, 313 F. Supp. 2d at 328-329. Instead, "Belize voluntarily transferred Herbert to United States custody, without requiring the United States to follow specific, formal procedures required by the extradition treaty." *Id.* at 329. And as the Court found, "the mere existence" of a U.S. government request for extradition does not necessitate finding that any subsequent transfer of Herbert was pursuant to the extradition treaty. *Id.* at 329-330. Accordingly, even if it is true that the Belize Police Department's arrest of Herbert was "based on diplomatic notes made on the behalf of DEA," his eventual transfer to U.S. custody was not pursuant to the extradition treaty and does not implicate any jurisdictional concerns. Herbert's motion to dismiss the indictment is therefore denied.

Dated: New York, New York
May 2, 2024

SO ORDERED:

_Sidney H. Stein_
Sidney H. Stein, U.S.D.J.